**CITY OF INDIANAPOLIS,**
**Appellant-Defendant,**

v.

**Richard L. SWANSON,**
**Appellee-Plaintiff.**

**No. 2–1179A336.**

Court of Appeals of Indiana,
Fourth District.

Aug. 18, 1982.

John P. Ryan, Corporations Counsel, City of Indianapolis, David F. McNamar, Michael R. Francheschini, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellant-defendant.

C. Warren Holland, Roy Tabor, Wilson, Tabor & Holland, Charles G. Reeder, Johnson & Weaver, Indianapolis, for appellee-plaintiff.

ON PETITION FOR REHEARING

CONOVER, Judge.

The City of Indianapolis (City) timely filed a petition for rehearing, Ind.App., 436 N.E.2d 1179. One assertion of error it contains is our opinion failed to discuss in writing whether the trial court committed reversible error by admitting into evidence post-accident changes in the signing of the curve and the lining of the roadway at the scene of the accident, claiming such evidence was not necessary to show feasibility, ownership, control, duty or notice of defect.

Although we addressed this issue in our original opinion, we address it again for purposes of clarity.

The City admitted in its amended answer and through the testimony of Mr. Cox, the chief engineer of its traffic department, it had a governmental obligation to properly sign and maintain Sargent Road, but denied it was negligent in the signing and marking thereof in any way. Preliminary Instruction No. 2, after reciting Swanson's contentions, read as follows:

"The defendant for its answer to plaintiff's complaint denies that it was negligent in the manner alleged in the complaint or otherwise, or that any negligence on its part was a proximate cause of the accident in question. Defendant further contends that the plaintiff was contributorily negligent which negligence proximately caused or contributed to plaintiff's alleged injuries and damages."

The preliminary instructions were settled by counsel and the court prior to trial and read to the jury without objection. Thus, regarding the signing of Sargent Road on the approaches to the scene of the accident three questions were before the jury for its determination, namely, (a) did the left re-

verse curve warning sign give appropriate information as to the roadway's turns and curves at that point, (b) was that sign located far enough in advance of such turns and curves so as to give adequate warning to motorists of their existence, and if not, (c) was it feasible to have positioned a proper warning sign in a location far enough in advance of those turns and curves to have given motorists using Sargent Road adequate warning of their existence and direction?

At trial, Mr. Cox testified foliage would have blocked the sign had it been placed farther in advance of the curves and turns in question. After the accident, however, the City did place a new sign with different information as to the character of those turns and curves further in advance thereof despite the foliage there located.

Evidence of post-accident changes is admissible to prove the feasibility of preventive measures when, as here, such matter is in issue, *Indianapolis & St. Louis R.R. Co. v. Hart,* (1876) 93 U.S. 291, 23 L.Ed. 898; *Toledo, Wabash and Western R.R. Co. v. Owen,* (1873) 43 Ind. 405; *Hickey v. Kansas City Southern R.R. Co.,* (1956) Mo., 290 S.W.2d 58. The trial court committed no error in admitting evidence of post-accident changes of the signing and location of the sign since the feasibility thereof was in issue.

We believe all other matters raised in City's motion for rehearing were adequately discussed in our original opinion.

Rehearing denied.

MILLER, J., concurs.

YOUNG, P. J., dissents and would grant rehearing.